# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 06-831V
Filed: January 26, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| DREYTON JAKES, | * | |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | Attorney's Fees and Costs; |
| | * | Unopposed; Influenza ("flu") |
| | * | Vaccine; Neurological Injuries. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Neal J. Fialkow, Pasadena, CA, for Petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On December 7, 2006, Carol Jakes filed a petition for compensation on behalf of her son, Dreyton ("Petitioner"),[2] under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[3] Petitioner alleged that an influenza ("flu") vaccine administered on December 12, 2003 caused neurological injuries. On August 18, 2014, Petitioner filed a second amended petition in which he alleged that the flu vaccine caused or significantly aggravated

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Special Master Hamilton-Fieldman amended the case caption on June 18, 2016 to reflect the fact that Dreyton Jakes had reached the age of majority. Dismissal Decision 1 n.2, ECF No. 134.

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Petitioner's "progressive neurological deficits" and "a continuing demyelinating disease of the brain and spinal cord." Dismissal Decision 1, ECF No. 134. On June 21, 2016, Special Master Hamilton-Fieldman issued a Decision dismissing the case for failure to prosecute. *Id.*

On January 23, 2017, Petitioner submitted his First Motion for Attorney Fees. Mot. Att'y's Fees, ECF No. 140. Petitioner stated that his total fees and costs for this case are "in the amount of $96,583.39." *Id.* at 1. However, Petitioner requested a total of $60,000.00 after Respondent agreed not to object to that amount. *Id.* at 1-2. Respondent subsequently did not object to Petitioner's request in Respondent's January 24, 2017 Response. Resp't Resp. 1, ECF No. 141.

Therefore, in accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned hereby awards the amount of $60,000.00, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Neal J. Fialkow, for attorneys' fees and costs.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).